**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RONALD ADRIN GRAY,<br><br>Petitioner,<br><br>v.<br><br>COLONEL DOUGLAS CURTIS,<br><br>Respondent. | No. 18-3305-EFM<br><br>Capital Habeas Corpus Proceeding<br>Under 28 U.S.C. § 2241 |

**PETITIONER'S SUR-RESPONSE IN SUPPORT OF AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Ronald Gray, through counsel, respectfully submits this sur-response to Respondent's Sur-Reply to Petitioner's Traverse (Doc. 76).

On June 20, 2025, Petitioner filed a traverse in support of his amended habeas petition. (Doc. 73). Therein, Petitioner argued that the Supreme Court's recent decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), informs this Court's deference, if any, to the military court rulings in this case. (Doc. 73 at 1–5).

On July 3, 2025, Respondent filed a sur-reply. (Doc. 76). The sur-reply argues that *Loper Bright* has no impact on this case (1) because military habeas review is governed by "deep and enduring precedent," *id*. at 5; (2) because *Loper Bright* did not overturn *Burns v. Wilson*, 346 U.S. 137 (1953), *id*. at 7; (3) because case law precludes Petitioner's arguments, *id*. at 5–8; and (4) because it would be

"fundamentally wrong" to equate military tribunals with the federal agencies affected by *Loper Bright*, *id*. at 9. These arguments do not withstand scrutiny.

(1) Respondent first argues that *Loper Bright* has no impact on this case because the standard of review for military habeas claims is "well-established" and governed by "deep and enduring precedent." *Id.* at 2, 5. In support of this proposition, Respondent relies on *Burns*, 346 U.S. 137, *Santucci v. Commandant*, 66 F.4th 844, 869 (10th Cir. 2023), and other Tenth Circuit cases discussed in *Santucci*. (Doc. 76 at 2–5).

Applicable precedent is not so well-established as Respondent would have it. *Burns* itself was a plurality opinion, 346 U.S. at 138, and the Supreme Court has never since clarified what it meant by full and fair consideration by the military courts. And in *Santucci* and other cases, the Tenth Circuit has acknowledged that its own interpretations of *Burns*'s full and fair consideration test have "offered little explicit guidance" and been "'anything but clear.'" 66 F.4th at 855–56 (quoting *Dodson v. Zelez*, 917 F.2d 1250, 1252 (10th Cir. 1990)). In *Santucci*, the Tenth Circuit thus sought to "clarify . . . our caselaw," and held for the first time that, to obtain merits review in an Article III court, a military habeas petitioner "must demonstrate that the resolution of each of the *Dodson* factors weighs in the petitioner's favor as to that claim." *Id*. at 859. *Santucci*—decided only a year before *Loper Bright*—thus reflects that the standard of review in military habeas cases has

not been well-settled and would benefit from clarification by the Supreme Court. *Loper Bright* provides such clarity in several important respects. (*See* Doc. 73 at 1–5).

(2) Respondent mischaracterizes Petitioner's arguments as contending that *Loper Bright* requires that "Article III courts must ignore what the Supreme Court commanded in *Burns v. Wilson*." (Doc. 76 at 7). In response to this strawman, Respondent posits that "*Loper Bright* does not come close to overturning *Burns*." *Id*.

Petitioner's actual argument is that *Loper Bright* elucidates what *Burns* meant by full and fair consideration—*not* that *Loper Bright* overturns *Burns*. Petitioner accordingly argued that *Loper Bright* "has obvious implications for the full and fair consideration test" in that it precludes "blind deference" to military court rulings on federal constitutional questions and "instead requires that Article III courts must 'decide legal questions by applying their own judgment.'" (Doc. 73 at 3–4 (quoting *Loper Bright*, 603 U.S. at 392)). This view is entirely faithful to *Burns*.

By contrast, Respondent's view that *any* adjudication by the military courts precludes merits review in the Article III courts (*see* Doc. 64 at 33; Doc. 76 at 4–5) would strip all meaning from the Supreme Court's insistence that the military courts "fully and fairly" consider a petitioner's claims. *Burns*, 346 U.S. at 142. This view would likewise contradict *Loper Bright* by "allow[ing] the Executive . . . to dictate the outcome of cases through erroneous interpretations." *Loper Bright*, 603 U.S. at

414 (Thomas, J., concurring) (internal quotations and citations omitted). *Loper Bright* is consistent with *Burns* and helps to clarify what full and fair consideration does—and doesn't—mean.

(3) Respondent cites three cases—*Smith v. Thornell*, No. CV-12-00318-PHX-ROS, 2025 WL 563453 (D. Ariz. Feb. 20, 2025); *Piper v. Jackley*, No. 5:20-CV-05074-RAL, 2025 WL 889374 (D.S.D. Mar. 21, 2025); and *Miles v. Floyd*, No. 24-1096, 2025 WL 902800 (6th Cir. Mar. 25, 2025)—in which courts have considered whether *Loper Bright* alters the standard of review under 28 U.S.C. § 2254 for federal habeas petitioners challenging state court convictions. (Doc. 76 at 7–8).[1] In each case, the courts concluded that *Loper Bright* did not affect the standard of review for § 2254 cases, but their reasoning simply does not translate to the military habeas context.

The cited cases rely on several principles that are unique to state court convictions and do not apply here. First, these cases explained:

---

[1] Respondent also argues that *Santucci* already rejected the argument that the Tenth Circuit's full and fair consideration test contravenes the rule of *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803), that only Article III courts are empowered to say "what the law is." (Doc. 76 at 5–6 n.2 (quoting *Santucci*, 66 F.4th at 861 n.14)). But *Loper Bright* establishes that Respondent's interpretation of *Santucci* must be rejected. *Loper Bright* explicitly delineates the "definition of the proper boundaries for the exercise of [Article III] power," (Doc. 76 at 6 n.2 (quoting *Santucci*, 66 F.4th at 861 n.14)) and requires independent consideration of federal constitutional questions. By contrast, *Santucci*, according to Respondent, authorizes federal courts to forgo such independent consideration when a claim has been adjudicated—no matter how erroneously—in the military courts.

> [T]he States possess sovereignty concurrent with that of the Federal Government, subject only to limitations imposed by the Supremacy Clause. Under this system of dual sovereignty, [the Supreme Court has] consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.

*Smith*, 2025 WL 563453, at *5 (quoting *Burt v. Titlow*, 571 U.S. 12, 19 (2013), and *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990)). *Accord Piper*, 2025 WL 889374, at *18 (quoting *Titlow*); *Miles*, 2025 WL 902800, at *3. Unlike state courts, however, military courts have no inherent authority. *Weiss v. United States*, 510 U.S. 163, 175 (1994) ("[M]ilitary judges do not have any inherent judicial authority separate from a court-martial to which they have been detailed.") (quotation omitted). That is because the military courts are "a non-Article III judicial system created by Congress." *Ortiz v. United States*, 585 U.S. 427, 442 (2018); *see id.* at 441 ("Congress established the CAAF under its Article I, rather than its Article III, powers, and Congress located the CAAF . . . within the Executive Branch, rather than the judicial one."). In their lack of inherent judicial authority, military courts thus resemble other Article I administrative courts, not state courts.

Second, *Smith*, *Piper*, and *Miles* all recognized that § 2254 preserves the authority and obligation of federal courts to interpret the law independently. *Smith*, 2025 WL 563453, at *4–5; *Piper*, 2025 WL 889374, at *17; *Miles*, 2025 WL 902800, at *3. The full and fair consideration test as interpreted by Respondent does just the opposite—prohibiting Article III courts from independently analyzing

questions of constitutional law. (*See* Doc. 64 at 33; Doc. 76 at 4–5). Section 2254 is thus consistent with *Loper Bright* because it, unlike the full and fair consideration test, enables federal courts to "decide legal questions by applying their own judgment." *Loper Bright*, 603 U.S. at 392.

Third, *Smith*, *Piper*, and *Miles* all recognize that "Congress has the authority to limit lower federal courts' power to grant habeas relief," and § 2254 merely "sets standards" for granting such relief. *Piper*, 2025 WL 889374, at *17. *Accord Smith*, 2025 WL 563453, at *4–5; *Miles*, 2025 WL 902800, at *3. Congress, however, has never "limit[ed] lower federal courts' power to grant habeas relief" to military prisoners like Petitioner. It is thus untenable that, where Congress has established no limits to the power to grant habeas relief, the federal courts would concoct even greater limits than those established under § 2254.

(4) Finally, Respondent contends that the military courts are nothing like the Executive Branch administrative agencies addressed in *Loper Bright*. Respondent argues: "Sustaining Petitioner's arguments would require this Court to equate the military justice system to that of an 'agency,' which is fundamentally wrong." (Doc. 76 at 9).

Actually, it is manifestly right. Just like every other Executive Branch agency, the military court system is created by Congress, *Ortiz*, 585 U.S. at 441–42; has no authority apart from what Congress grants, *Weiss*, 510 U.S. at 175; and is

administered through a department of the Executive Branch, *Edmond v. United States*, 520 U.S. 651, 664 & n.2 (1997). The Uniform Code of Military Justice is thus explicit that the military courts are "established under article I of the Constitution" and "located for administrative purposes only in the Department of Defense." 10 U.S.C.A. § 941 (West). Accordingly, "[w]hile courts-martial discharge judicial functions and are therefore, in a certain sense, courts, they are not a part of the judiciary department of the government but may be more properly classed as an agency of the executive branch of the government." 53A Am. Jur. 2d Military and Civil Defense § 219 (2025); *see also Parisi v. Davidson*, 405 U.S. 34, 41 n.7 (1972) ("Military courts are legislative courts; their jurisdiction is independent of Article III judicial power."); *Burns*, 346 U.S. at 154 (Douglas, J., dissenting) ("[T]he military tribunals in question are federal agencies subject to no other judicial supervision except what is afforded by the federal courts. . . . [T]he rules of due process which they apply are constitutional rules which we, not they, formulate."); *United States v. Clift*, 834 F.2d 414, 416 (4th Cir. 1987) ("An Article 32 [preliminary] hearing convened by one of the branches of the armed services is authorized by law and is an official proceeding before a federal government agency."). These attributes make the military court system equivalent to other federal agencies, and the principles set forth in *Loper Bright* thus apply in this case.

## CONCLUSION

For the reasons set forth above and in Petitioner's prior submissions, this Court should consider the merits of Petitioner's claims for relief and vacate his convictions and death sentence.

Respectfully submitted,

/s/ Thomas J. Bath, Jr.
Thomas J. Bath, Jr., KS Bar No. 12971
Bath & Edmonds, P.A.
Historic Voigts Building
7944 Santa Fe Drive
Overland Park, Kansas 66204
(913) 652-9800
Fax: (913) 649-8494
tom@bathedmonds.com

/s/ Timothy Kane
Timothy Kane (*pro hac vice*)
Federal Community Defender Office
Capital Habeas Unit
601 Walnut St.
Suite 545 West – The Curtis
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Timothy_Kane@fd.org

Dated: August 6, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2025, I electronically filed the foregoing sur-response with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jared S. Maag, KS Bar No. 17222
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683 P

By: /s/ Thomas J. Bath, Jr.
Thomas J. Bath, Jr., KS Bar No. 12971